Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Thomas E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St. Suite 780,
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
*Attorneys for Plaintiff, and all others similarly situated*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNSON HUNG, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SAKS & COMPANY, LLC, DBA SAKS OFF FIFTH, and DOES 1 – 10, inclusive,<br><br>Defendant. | Case No. 2:18-cv-10594-FMO-SK<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>(1)  Violation of the California False Advertising Act (Cal. Business & Professions Code §§ 17500 *et seq.*); and<br>(2)  Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq.*)<br>(3)  Violation of the Consumer Legal Remedies Act.<br><br>**Jury Trial Demanded** |

Plaintiff JOHNSON HUNG ("Plaintiff"), individually and on behalf of all other members of the public similarly situated, allege as follows:

**NATURE OF THE ACTION**

1.     Plaintiff brings this class action Complaint against Defendant SAKS & COMPANY, LLC, DBA SAKS OFF FIFTH (hereinafter "Defendant") to stop Defendant's practice of falsely advertising its clothing, accessories, jewelry and other products and to obtain redress for a California class of consumers ("Class Members") who changed position, within the applicable statute of limitations period, as a result of Defendant's false and misleading advertisements.

2.     Defendant is a corporation with principal place of business in New York and state of incorporation in Tennessee and is engaged in the sale and distribution of clothing and jewelry.

3.     Defendant represents that consumers would save vast and certain amounts of money in purchasing Defendant's discounted clothing and jewelry products in relation to the products' original price, when this is in fact false. Defendant misrepresented and falsely advertised to Plaintiff and others similarly situated consumers their clothing and jewelry products (hereinafter "Class Products").

4.     Plaintiff and others similarly situated purchased or attempt to purchase Defendant's clothing and jewelry products, and they did so on the basis that Defendant said that Plaintiff and other similarly situated would save vast amounts of money in relation to the products' original price.

5.     Defendant's misrepresentations to Plaintiff and others similarly situated caused them to purchase or attempt Defendant's clothing and jewelry products, which Plaintiff and others similarly situated would not have purchased or attempted to purchase absent these misrepresentations by Defendant and its employees. In so doing, Defendant has violated California consumer protection

CLASS ACTION COMPLAINT

statutes, including the Unfair Competition Law, False Advertising Law, and the Consumer Legal Remedies Act.

**NATURE OF THE CASE & COMMON ALLEGATIONS OF FACT**

6.     Consumers purchase clothing and jewelry products advertised to be of a certain price, nature and quality, and in the case at bar, they did so under the impression that Defendant was providing consumers with an enormous discount on the original price.

7.     Consumers rely on the representations and advertisements of clothing and jewelry products providers in order to know which clothing and jewelry products to purchase. Details as to the price nature and quality of the clothing and jewelry products, such as whether the discount is on the original price or the price inflated by Defendant, are important and material to consumers at the time they purchase clothing and jewelry products from a particular vendor, as consumers are sensitive to the price, nature and quality of the clothing and jewelry products they purchase, compared to what they could purchase from a competing vendor.

8.     Defendant is engaged in the marketing and selling of clothing and jewelry products that are marked down a certain percentage and represented as sale items, but reflect a different percentage in relation to the original price of the item, and the true price, nature and quality of the clothing and jewelry products that Defendant sells is neither disclosed to consumers nor discoverable by the same at the time of purchase.

9.     When consumers purchase clothing and jewelry products from retail vendors, they reasonably believe that they will receive services that is of the nature and quality that was advertised and disclosed at the time they agree to purchase said services.  Consumer purchasing habits are also highly conscious of the price they are being asked to pay, as compared to the actual or perceived worth of the item, hence why sales and discounts are significant driving forces behind

1  consumer purchasing patterns and volume.

2      10.    Defendant profits from the sale of the clothing and jewelry products.

3  Many consumers would not have purchased or attempted to purchase the clothing

4  and jewelry products where Defendant represent a vastly higher discount rate, or

5  they would have purchased clothing and jewelry products from a competitor.

6      11.    In Plaintiff's case, Plaintiff purchased an article of clothing from

7  Defendant. Defendant represented that the original price of the clothing was

8  $1,280 and that by purchasing the item, Plaintiff would receive an 82% discount,

9  because the item was being sold for $229.99.  Plaintiff alleges that this bundle of

10  representations was knowingly false.

11     12.    Subsequent to purchasing the item, Plaintiff noticed the tag under the

12  Defendant's price tag reflecting the original price of the item as $640, meaning

13  that Plaintiff received a discount far less than what was originally advertised to

14  Plaintiff at the time he agreed to purchase the product.  A true and correct copy of

15  pictures of the product tag showing the advertised fake original price, the fake

16  discount percentage, the sales price, and the actual original retail price (which is

17  barely visible and obscured underneath the falsely advertised sales tag), can be

18  viewed as follows:

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



CLASS ACTION COMPLAINT

1

2      13.    A true and correct copy of the purchase receipt for the item can be

3   seen as follows:

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14.     Defendant conceals the fact that its clothing and jewelry products are not going to be of the price, nature and quality advertised in order to deceive consumers into purchasing clothing and jewelry products that is different from that which is advertised.

15.     Defendant not only does not present consumers with a written copy of the correct terms of the purchase prior to purchase, in order to conceal the deception that is at issue in this case, but conceals the truth by placing deceptive false advertising price tags over the true pricing of the items, in order to drive sales, and deceive consumers into thinking they are getting a bigger discount and a better deal on items than they actually are.

16.     Such practices have a tendency to mislead a reasonable consumer. Such practices did deceive Plaintiff, who reasonably relied on these false advertisements in deciding to purchase products from Defendant.

17.     Defendant makes written and oral representations to consumers which contradict the actual price, nature and quality of the services that will be delivered to the consumer after the consumer purchases the services.

18.     The aforementioned written and oral representations are objectively false, and constitute false advertising under Cal. Bus. & Prof. Code §§ 17500 et. seq. an unlawful, unfair, or deceptive business practices under Cal. Bus. & Prof. Code §§ 17200 et. seq., and further constitute a violation of Cal. Civ. Code §§ 1750 *et. seq.*

19.     Defendant's violations of the law include without limitation the false advertising, marketing, representations, and sale of the falsely advertised Class Products to consumers in California.

20.     On behalf of the class, Plaintiff seeks an injunction requiring Defendant to cease advertising and selling the Class Products in a manner that is deceptive, to disclose the true nature and quality of its products in a conspicuous

manner at or prior to the point of sale, and an award of damages to the Class Members, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

21.     This class action is brought pursuant to California Code of Civil Procedure § 382. All claims in this matter arise exclusively under California law. This Court has personal jurisdiction over Defendant SAKS & COMPANY, LLC, DBA SAKS OFF FIFTH because they conduct business and maintain retail locations to provide their clothing and jewelry products within this State.

22.     This matter is properly brought in the Central District of California, in that Plaintiff purchased the clothing and jewelry products from Los Angeles County, and Defendant provided the products to Plaintiff in that location.

## THE PARTIES

23.     Plaintiff JOHNSON HUNG is a citizen and resident of the State of California, County of Los Angeles.

24.     Defendant SAKS & COMPANY, LLC, DBA SAKS OFF FIFTH is a Tennessee corporation and headquartered in New York.

25.     Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or is attributable to, Defendant and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's behalf.  The acts of any and all of Defendant's employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendant.

26.     The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious

CLASS ACTION COMPLAINT

names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

27.    Plaintiff is informed and believes, and thereon alleges, that said Defendant is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all its employees, agents, and/or third parties acting on its behalf, in proximately causing the damages herein alleged.

28.    At all relevant times, Defendant ratified each and every act or omission complained of herein. At all relevant times, Defendant, aided and abetted the acts and omissions as alleged herein.

### PLAINTIFF'S FACTS

29.    In or around 2018, Plaintiff purchased an article of clothing from Defendant. Defendant represented that plaintiff would be receiving an 82% discount from the original price of the item, which was marked as $1,280.

30.    In reliance on these representations, Plaintiff purchased Defendant's clothing and jewelry products.

31.    Subsequently, Plaintiff noticed the tag on the item under the Defendant's tag, marking the original price of the item as $640.

32.    Plaintiff contacted Defendant to resolve the matter, but Defendant left Plaintiff without redress.

33.    Defendant stated that they have the ability to mark their products' pricing at any amount.

34.    As a result of Defendant's manner of marking and discounting items, and further stating that the discount was a discount on the original pricing of the item, Plaintiff has experience economic loss due to the misstated discount value

CLASS ACTION COMPLAINT

of the clothing and jewelry products.

35.    Had Plaintiff known that Defendant's clothing and jewelry products would not be provided at the discount of 82% on the original price, Plaintiff would not have purchased Defendant's clothing and jewelry products.

36.    Furthermore, Plaintiff did not discover, nor could he have discovered, the true nature and quality of the clothing and jewelry products until after Plaintiff had purchased the clothing and jewelry products.

37.    For the clothing and jewelry products, Plaintiff paid more than valuable consideration.  Plaintiff relied on the fact that the jewelry repairs services was being advertised as being of a particular price, nature and quality. Plaintiff was never informed, in writing, orally, or in any conspicuous manner, that Defendant could increase the "original pricing" of its items and then discount them at enormously high rates.

38.    When purchasing Defendant's clothing and jewelry products, Defendant informed Plaintiff that he would be receiving an 82 percent discount from the original price of the clothing. Plaintiff relied on Defendant's statements about the price, nature and quality of the clothing and jewelry products in deciding to purchase said services from Defendant over other competitors. Plaintiff felt assured by Defendant that the clothing and jewelry products would be as represented by Defendant, namely that the discount would be reflected on the original price of the clothing. Plaintiff would not have agreed to purchase Defendant's clothing and jewelry products if he had known that Defendant would deliver clothing and jewelry products of a price, nature and quality other than what Defendant represented.

39.    Defendant never informed Plaintiff that they would mark their clothing and jewelry products at a price higher than the original price, and subsequently mark the same clothing at a higher discount, nor did Plaintiff provide

CLASS ACTION COMPLAINT

his consent to receive such a service.

40.     Knowledge of the true nature and quality of Defendant's clothing and jewelry products would have impacted Plaintiff's decision to purchase said services from Defendant over other brands or sellers of clothing and jewelry products. Plaintiff would have found it important to his purchase decision to know exactly what he was purchasing, and he believed that he was purchasing clothing and jewelry products that were discounted from the original price.

41.     Plaintiff felt ripped off and cheated by Defendant for receiving clothing and jewelry products that was different in price, nature and quality that that which Defendant represented.  Plaintiff believes that Defendant will continue its action of duping consumers into purchasing clothing and jewelry products that deviates significantly from Defendant's representations, unless Defendant's practices are halted by way of an injunction.

42.     As a result of Defendant's fraudulent practices, described herein, Plaintiff has suffered emotional distress, wasted time, loss of money, and anxiety.

43.     Plaintiff alleges on information and belief that it is Defendant's policy and practice to misrepresent the true nature and quality of its clothing and jewelry products.  Plaintiff asserts that this practice constitutes a fraudulent omission of a material fact relating to the nature and quality of its products that would be important to a reasonable consumer to know at the time they purchase Defendant's clothing and jewelry products.

44.     Plaintiff alleges on information and belief that Defendant's policy and practice is to materially misrepresent the price, nature and quality of its clothing and jewelry products, through said fraudulent omissions and misrepresentations, to induce consumers to reasonably rely on the said misrepresentations, in order to induce their purchase of clothing and jewelry products from Defendant over law abiding competitors.

CLASS ACTION COMPLAINT

45.     Defendant has a duty to disclose the true price, nature and quality of its clothing and jewelry products, including whether or not Defendant will mark up clothing and then provide a discount at a price that is not the original price of the product, to consumers prior to the time they agree to purchase the clothing and jewelry products from Defendant. Defendant has a duty to disclose these material features of their products because such features would be highly important to a reasonable consumer.

46.     Such sales tactics rely on falsities and have a tendency to mislead and deceive a reasonable consumer.

47.     Defendant expressly represented to Plaintiff, through written statements, the true nature and quality of its products.

48.     Plaintiff alleges that such representations were part of a common scheme to mislead consumers and incentivize them to purchase Defendant's clothing and jewelry products.

49.     In purchasing the Class Products, Plaintiff relied upon Defendant's representations.

50.     Such representations were clearly false because the true nature and quality of the clothing and jewelry products was different than represented.

51.     Plaintiff would not have purchased the products if he knew that the above-referenced statements made by Defendant were false.

52.     Had Defendant properly marketed, advertised, and represented the Class Products, Plaintiff would not have purchased the products.

53.     Plaintiff agreed to give his money, attention, and time to Defendant because of the nature and quality of the clothing and jewelry products that was advertised. Defendant benefited from falsely advertising the nature and quality of its clothing and jewelry products. Defendant benefited on the loss to Plaintiff and provided nothing of benefit to Plaintiff in exchange.

54.     Had Defendant properly marketed, advertised, and represented the Class Products, no reasonable consumer who purchased or attempted to purchase the clothing and jewelry products would have believed that Defendant is providing discounts at the vast rates presented on the tag of the products.

55.     Defendant's acts and omissions were intentional, and resulted from Defendant's desire to mislead consumers into purchasing clothing and jewelry products that will not repair jewelry, even though Plaintiff and consumers comply with the required inspections.

## CLASS ACTION ALLEGATIONS

56.     Plaintiff brings this action, on behalf of himself and all others similarly situated, and thus, seeks class certification under California Code of Civil Procedure § 382.

57.     The class Plaintiff seeks to represent (the "Class") is defined as follows:

> All consumers, who, between the applicable statute of limitations and the present, purchased or attempted to purchase Class Products, and whose Class Products, namely Defendant's clothing, accessories, jewelry or other products, marked as discounted at the original price when in fact, the item's original price has been changed.

58.     As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

59.     Excluded from the Class is Defendant, its affiliates, employees, agents, and attorneys, and the Court.

60.     Plaintiff reserves the right to amend the Class, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

61.     Upon information and belief, the proposed class is composed of thousands of persons. The members of the class are so numerous that joinder of all members would be unfeasible and impractical.

62.   No violations alleged in this complaint are contingent on any individualized interaction of any kind between Class members and Defendant.

63.   Rather, all claims in this matter arise from the identical, false, affirmative representations of the services, when in fact, such representations were false.

64.   There are common questions of law and fact as to the Class Members that predominate over questions affecting only individual members, including but not limited to:

(a)   Whether Defendant engaged in unlawful, unfair, or deceptive business practices in selling Class Products to Plaintiff and other Class Members;

(b)   Whether Defendant made misrepresentations with respect to the Class Products sold to consumers;

(c)   Whether Defendant profited from the sale of the wrongly advertised clothing and jewelry products;

(d)   Whether Defendant violated California Bus. & Prof. Code § 17200, *et seq*., California Bus. & Prof. Code § 17500, *et seq*., and Cal. Civ. C. §1750 *et seq.*;

(e)   Whether Plaintiff and Class Members are entitled to equitable and/or injunctive relief;

(f)   Whether Defendant's unlawful, unfair, and/or deceptive practices harmed Plaintiff and Class Members; and

(g)   The method of calculation and extent of damages for Plaintiff and Class Members.

65.   Plaintiff is a member of the Class he seeks to represent

66.   The claims of Plaintiff are not only typical of all Class members, they are identical.

67.     All claims of Plaintiff and the Class are based on the exact same legal theories.

68.     Plaintiff has no interest antagonistic to, or in conflict with, the Class.

69.     Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member, because Plaintiff bought Class Products from Defendant during the Class Period. Defendant's unlawful, unfair and/or fraudulent actions concerns the same business practices described herein irrespective of where they occurred or were experienced. Plaintiff's claims are typical of all Class Members as demonstrated herein.

70.     Plaintiff will thoroughly and adequately protect the interests of the Class, having retained qualified and competent legal counsel to represent herself and the Class.

71.     Common questions will predominate, and there will be no unusual manageability issues.

## FIRST CAUSE OF ACTION

## Violation of the California False Advertising Act

## (Cal. Bus. & Prof. Code §§ 17500 *et seq.*)

72.     Plaintiff incorporates by reference each allegation set forth above as fully set forth herein.

73.     Pursuant to California Business and Professions Code section 17500, *et seq.*, it is unlawful to engage in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading . . . [or] to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

74.     California Business and Professions Code section 17500, *et seq.*'s

prohibition against false advertising extends to the use of false or misleading written statements.

75.   Defendant misled consumers by making misrepresentations and untrue statements about the Class Products, namely, Defendant sold a clothing and jewelry products that was of a price, nature and quality different than advertised, and made false representations to Plaintiff and other putative class members in order to solicit these transactions.

76.   Defendant knew that its representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable consumers like Plaintiff and other Class Members.

77.   As a direct and proximate result of Defendant's misleading and false advertising, Plaintiff and the other Class Members have suffered injury in fact and have lost money or property, time, and attention.  Plaintiff reasonably relied upon Defendant's representations regarding the Class Products. In reasonable reliance on Defendant's false advertisements, Plaintiff and other Class Members purchased the Class Products.  In turn Plaintiff and other Class Members ended up with products that were different in ways that put them in danger, and therefore Plaintiff and other Class Members have suffered injury in fact.

78.   Plaintiff alleges that these false and misleading representations made by Defendant constitute a "scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

79.   Defendant advertised to Plaintiff and other putative class members, through written representations and omissions made by Defendant and its employees, that the Class Products would be of a particular nature and quality.

80.   Thus, Defendant knowingly sold Class Products to Plaintiff and other

putative class members.

81.    The misleading and false advertising described herein presents a continuing threat to Plaintiff and the Class Members in that Defendant persists and continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court. Defendant's conduct will continue to cause irreparable injury to consumers unless enjoined or restrained. Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendant to cease its false advertising, as well as disgorgement and restitution to Plaintiff and all Class Members Defendant's revenues associated with their false advertising, or such portion of those revenues as the Court may find equitable.

**SECOND CAUSE OF ACTION**

**Violation of Unfair Business Practices Act**

**(Cal. Bus. & Prof. Code §§ 17200 _et seq._)**

82.    Plaintiff incorporates by reference each allegation set forth above as fully set forth herein.

83.    Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL.  Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between a defendants' business practices and the alleged harm--that is, evidence that the defendants' conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the Defendant's conduct created a risk of harm.  Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

**UNFAIR**

84.    California Business & Professions Code § 17200 prohibits any

"unfair . . . business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

85. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and (3) is not one that consumers themselves could reasonably have avoided.

86. Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Class. Plaintiff and members of the Class have suffered injury in fact due to Defendant's decision to sell them falsely described Class Products. Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Class.

87. Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer. Such deception utilized by Defendant convinced Plaintiff and members of the Class that the Class Products were a certain nature and quality in order to induce them to spend money on said Class Products. In fact, knowing that Class Products were not of this price, nature and quality, Defendant unfairly profited from their sale. Thus, the injury suffered by Plaintiff and the members of the Class is not outweighed by any countervailing benefits to consumers.

88.     Finally, the injury suffered by Plaintiff and members of the Class is not an injury that these consumers could reasonably have avoided. After Defendant falsely represented the Class Products, Plaintiff and class members suffered injury in fact due to Defendant's sale of Class Products to them. Defendant failed to take reasonable steps to inform Plaintiff and class members that the Class Products were not advertised as having the price, nature and quality that they in fact have. As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiff and the Class members to purchase its products where Defendant mark products as discounted at the original price of the product, when in fact, the products' prices were increased by Defendant beyond the original amount, and subsequently discounted, reflecting higher discount rates.  Therefore, the injury suffered by Plaintiff and members of the Class is not an injury which these consumers could reasonably have avoided.

89.     Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

## FRAUDULENT

90.     California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice."  In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

91.     The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived.  Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

92.     Here, not only were Plaintiff and the Class members likely to be deceived, but these consumers were actually deceived by Defendant. Such deception is evidenced by the fact that Plaintiff agreed to purchase Class Products

CLASS ACTION COMPLAINT

under the basic assumption that Defendant's products were discounted at the original rate, and the price was not increased before the discount to reflect higher discount rates. Plaintiff's reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers of Defendant and Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

93.   As explained above, Defendant deceived Plaintiff and other Class Members by representing the Class Products as being a certain nature and quality when in reality they were a significantly different, and thus falsely represented the Class Products.

94.   Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

**UNLAWFUL**

95.   California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

96.   As explained above, Defendant deceived Plaintiff and other Class Members by representing the Class Products as being of a nature and quality different from what they actually were.

97.   Defendant used false advertising, marketing, and misrepresentations to induce Plaintiff and Class Members to purchase the Class Products, in violation of California Business and Professions Code Section 17500, et seq.. Had Defendant not falsely advertised, marketed, or misrepresented the Class Products, Plaintiff and Class Members would not have purchased the Class Products. Defendant's conduct therefore caused and continues to cause economic harm to Plaintiff and Class Members.

98.   This practice of making these representations by Defendant is therefore an "unlawful" business practice or act under Business and Professions

CLASS ACTION COMPLAINT

Code Section 17200 *et seq*.

99. Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief. Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

**THIRD CAUSE OF ACTION**

**Violation of Consumer Legal Remedies Act**

**(Cal. Civ. Code §§ 1770 et seq.)**

100. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

101. Defendant's actions as detailed above constitute a violation of the Consumer Legal Remedies Act, Cal. Civ. Code §1770 to the extent that Defendant violated the following provisions of the CLRA:

a. Passing off goods or services as those of another; Cal. Civ. Code § 1770(1);

b. Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; Cal. Civ. Code § 1770(7);

c. Advertising goods or services with intent not to sell them as advertised; Cal. Civ. Code §1770(9);

d. Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; Cal. Civ. Code §1770(14); and

e. Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not; Cal.

Civ. Code §1770(16).

102.   On or about January 11, 2019, through his Counsel of record, using certified mail with a return receipt requested, Plaintiff served Defendant with notice of their violations of the CLRA (attached hereto as EXHIBIT A), and asked that Defendant correct, repair, replace or otherwise rectify the goods and services alleged to be in violation of the CLRA; this correspondence advised Defendant that it must take such action within thirty (30) calendar days, and pointed Defendant to the provisions of the CLRA that Plaintiff believes to have been violated by Defendant. Defendant has not replied to this correspondence in a satisfactory manner, and have thereby refused to timely correct, repair, replace or otherwise rectify the issues raised therein.

## MISCELLANEOUS

103.   Plaintiff and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or that all such obligations or conditions are excused.

## PRAYER FOR RELIEF

104.   Plaintiff, on behalf of herself and the Class, requests the following relief:

    (a)    An order certifying the Class and appointing Plaintiff as Representative of the Class;

    (b)    An order certifying the undersigned counsel as Class Counsel;

    (c)    An order requiring SAKS & COMPANY, LLC, DBA SAKS OFF FIFTH, at its own cost, to notify all Class Members of the unlawful and deceptive conduct herein;

    (d)    An order requiring SAKS & COMPANY, LLC, DBA SAKS OFF FIFTH to engage in corrective advertising regarding the

conduct discussed above and enjoining SAKS from engaging in price mislabeling in the future;

(e)   Actual damages suffered by Plaintiff and Class Members as applicable or full restitution of all funds acquired from Plaintiff and Class Members from the sale of misbranded Class Products during the relevant class period;

(f)   Punitive damages, as allowable, in an amount determined by the Court or jury;

(g)   All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

(h)   Pre- and post-judgment interest; and

(i)   All other relief, general or special, legal and equitable, to which Plaintiff and Class Members may be justly entitled as deemed by the Court.

## REQUEST FOR JURY TRIAL

105.   Plaintiff requests a trial by jury as to all claims so triable.

Dated:  January 11, 2019          Respectfully submitted,

LAW OFFICES OF TODD M. FRIEDMAN, PC

By: /s/Todd M. Friedman

TODD M. FRIEDMAN, ESQ.

Attorney for Plaintiff JOHNSON HUNG

CLASS ACTION COMPLAINT

1
2

## CERTIFICATE OF SERVICE

Filed electronically on this 11th Day of January, 2019, with:

3
4

United States District Court CM/ECF system

5

Notification sent electronically via the Court's ECF system to:

6
7

Honorable Fernando M. Olguin
United States District Court
Central District of California

8
9

And
All Counsel of Record in the Case

10

On this 11th Day of January, 2019,

11
12

s/Todd M. Friedman, Esq.
Todd M. Friedman

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CLASS ACTION COMPLAINT